# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

---

United States of America,

        Plaintiff,

v.

Jesse Eugene Seelye,

        Defendant.

Crim. No. 07-377 ADM/RLE

**MEMORANDUM OPINION**
**and ORDER**

---

This matter is presently before this Court[1] for a ruling on three motions filed by Defendant Jesse Eugene Seelye: (1) a self-styled motion entitled "Motion for Clarification on Sentencing Order," (Docket No. 57); (2) a "motion for free transcripts," (Docket No. 58); and (3) a motion seeking leave to proceed in forma pauperis, ("IFP"), (Docket No. 59).  All three of Defendants motions will be DENIED for the reasons discussed below.

## BACKGROUND

On September 19, 2007, a criminal complaint was filed against Defendant, charging him with possession of stolen firearms in violation of 18 U.S.C. § 922(j).  (Docket No. 1.)  When that complaint was filed, Defendant was serving a prison sentence imposed by the State of Minnesota.  However, on or about September 26, 2007, Defendant was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum.  (See Docket Nos. 2, 3 and 4.)  In October 2007, Defendant was indicted for a federal firearms offense.  (Docket No. 11.)

The time that Defendant spent in federal pre-trial custody was credited toward his state

---

[1] This case was previously assigned to District Court Judge James M. Rosenbaum, who has now retired.  The case has been re-assigned to this Court for post-conviction proceedings.

prison sentence, and his state sentence was fully served as of January 30, 2008. Thereafter, Defendant continued to be held in federal pre-trial custody. On April 23, 2008, he pled guilty to the firearms offense for which he was indicted. (Docket No. 38.) On October 23, 2008, Defendant was sentenced to 96 months in federal prison. (Docket Nos. 54 and 55.[2]) He is presently serving his sentence at the Federal Correctional Institution-Beckley in the Southern District of West Virginia.

Defendant did not file a direct appeal after he was convicted and sentenced in this case, and he did not seek any post-conviction relief until 2013, when he filed the three motions that are currently before the Court. In the first of those three motions, (Docket No. 57), Defendant is seeking credit toward his federal prison sentence for <u>all</u> of the time that he spent in federal pre-trial custody – including the time that was credited toward his state prison sentence. In the second motion, (Docket No. 58), Defendant is asking for free copies of certain transcripts, presumably the transcripts from his plea hearing and/or his sentencing hearing. Defendant seeks the transcripts to aid him in bringing a motion for post-conviction relief under 28 U.S.C. § 2255. The third pending motion is an IFP application, (Docket No. 59), which apparently is intended to show that Defendant is financially eligible for the free transcripts he is seeking.

**DISCUSSION**

I.  <u>Motion For Clarification On Sentencing Order</u>

The sentencing judgment reflects that Defendant is to be "given credit for time served in federal custody." (Judgment, [Docket No. 55], p. 2.) According to Defendant, the federal Bureau of Prisons, ("BOP"), has not properly interpreted and implemented this part of the sentencing

---

[2] The sentencing judgment erroneously indicates that Defendant was sentenced on October 23, 200<u>7</u>, rather than 200<u>8</u>.

judgment, because he has not been given full credit for <u>all</u> of the time that he spent in federal pre-trial custody.  Instead, the BOP has given Defendant credit only for the time that he spent in federal pre-trial custody <u>after his state prison sentence expired</u> on January 30, 2008.  Defendant wants the Court to order the BOP to give him credit toward his federal sentence for the period of September 26, 2007, to January 30, 2008, when he was in federal custody pursuant to the writ of habeas corpus <u>ad</u> <u>prosequendum</u>.  Defendant claims that he is entitled to that additional pre-trial custody credit, even though that time was credited toward his state prison sentence.  However, this additional sentence credit that Defendant is now seeking cannot be granted by this Court.

After a defendant has been sentenced in a federal criminal case, the BOP becomes solely responsible for the execution and enforcement of the sentence.  <u>United States v. Wilson</u>, 503 U.S. 329, 335 (1992) ("[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence").  If a defendant believes that the BOP has misinterpreted the sentence, or committed some error related to the calculation, execution, or enforcement of the sentence, the defendant must seek relief through the BOP's administrative remedy program.  If the defendant is not satisfied with the BOP's response to his administrative grievance, he can seek judicial review in federal court – but only by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  <u>See</u> <u>United States v. Tindall</u>,  455 F.3d 885, 888 (8th Cir. 2006) ("[p]risoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241"), (citing <u>Wilson</u>, 503 U.S. at 335, <u>United States v. Pardue</u>, 363 F.3d 695, 699 (8th Cir.2004)).  Moreover, a § 2241 habeas corpus petition must be filed in the district in which the defendant is currently

confined. United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987); Bell v. United States, 48 F.3d 1042, 1043-44 (8th Cir. 1995).

In this case, Defendant is not challenging the legality or correctness of the sentencing judgment imposed by the sentencing judge, but rather, he is challenging the BOP's calculation, execution and enforcement of his sentence. Thus, Defendant's current claims for relief cannot properly be heard and decided by this Court. The only federal court that might be able to entertain Defendant's challenge to the calculation, execution and enforcement of his sentence is the district court for the district in which he is currently confined – namely, the Southern District of West Virginia.[3] Therefore, Defendant's motion seeking to "clarify" his sentence, by awarding him additional credit toward his federal prison sentence, must be denied.[4]

---

[3] If it would serve "the interest of justice," Defendant's motion could, perhaps, be construed to be a § 2241 habeas corpus petition, and the matter could then be transferred to the district where Defendant is confined, pursuant to 28 U.S.C. § 1631, ("Transfer to Cure Want of Jurisdiction"). However, the Court finds that Defendant's motion should not be treated as a § 2241 petition, and this matter should not be transferred to the Southern District of West Virginia, for two reasons. First, Defendant has not shown that he has exhausted his BOP administrative remedies for his current claims for relief, which he must do before he can seek relief in a federal habeas proceeding. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993). Second, it plainly appears that Defendant's current claims are substantively meritless, because he is simply not entitled to credit toward his federal sentence for pre-trial custody time that has already been credited toward his pre-existing state prison sentence. See Baker v. Tippy, No. 99-2841 (8th Cir. 2000), 2000 WL 1128285 (unpublished opinion) at *1 (federal prisoner was not entitled "to credit, against his federal sentence, [for] time he served between the date he was transferred via a writ of habeas corpus ad prosequendum from state to federal custody in order to face federal charges on a related offense, and the date his state sentence expired"); Ramirez v. United States, Civil No. 06-4931 (D.Minn. 2007) 2007 WL 4233076 at *3 (federal prisoner could not be given credit toward federal sentence for time spent in custody pursuant to a writ of habeas corpus ad prosequendum, because that time had been credited against a pre-existing state sentence).

[4] Defendant notes that his sentencing judgment "is silent as to its 'Concurrency' with Defendant's Minnesota State prison sentence." (Defendant's "Motion for Clarification on Sentencing Order," [Docket No. 57], p. 1.) This is hardly surprising, because when Defendant's

4

II. <u>Motion For Free Transcripts</u>

Defendant is also seeking an order that would allow him to obtain free copies of certain transcripts, (presumably from his plea hearing and/or his sentencing hearing), to help him prepare a motion for post-conviction relief under 28 U.S.C. § 2255. Defendant contends that his request for free transcripts should be granted pursuant to 28 U.S.C. § 753(f).

Section 753(f) provides that –

> "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose <u>if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal</u>." (Emphasis added.)

This statute clearly indicates that free transcripts do not have to be provided to indigent post-conviction petitioners in every case. "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." <u>Sistrunk v. United States</u>, 992 F.2d 258, 259 (10th Cir. 1993). <u>See also</u> <u>United States v. Losing</u>, 601 F.2d 351, 353 (8th Cir. 1979) ("it is clear that a majority of the [Supreme] Court [has] concluded that a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction, and that constitutional requirements are met by providing such materials only after judicial certification that they are required to decide the

---

sentence was imposed in this case, he was no longer serving his earlier state prison sentence. If Defendant believes that his federal prison sentence should somehow be made "concurrent" with his previously completed state prison sentence, that notion must be summarily rejected. Defendant's federal sentence could not be made concurrent with an earlier sentence that was already completed before the federal sentence was imposed. <u>See</u> <u>United States v. Cole</u>, 416 F.3d 894, 898, n. 3 (8th Cir. 2005) ("concurrent sentencing was not an option" where defendant "had already completed his state sentence").

issues presented by a non-frivolous pending case").

Here, Defendant has not adequately explained why he needs the transcripts he is requesting. Defendant contends that his guilty plea should be vacated because his attorney, as well as the trial court judge, wrongly induced him to plead guilty. Defendant further contends that he is "actually innocent" of the crime to which he pled guilty. However, Defendant has not explained why he needs any transcripts to present his contemplated post-conviction challenges. He has not identified any specific content of any transcript that would support any § 2255 claim. (Defendant has also failed to explain why it took him almost five years to assert that he was wrongly induced to plead guilty, and that he actually is innocent.)

It appears to the Court that Defendant actually is seeking free transcripts to peruse them, hoping to find something that might somehow support a collateral challenge to his conviction or sentence. However, free transcripts will not be provided for such purposes. See Fadayiro v. United States, 30 F.Supp.2d 772, 780 (D.N.J. 1998) ("[s]ection 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely to 'search for error in an attempt to generate a basis for collaterally attacking a conviction'"), quoting United States v. Marias, No. Crim. A. 92-256-2, (E.D.Pa. 1995), 1995 WL 221353 at *1. See also Culbert v. United States, 325 F.2d 920, 922 (8th Cir. 1964) ("'[a]n indigent [criminal defendant] is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw'") (per curiam), quoting United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963); Prince v. United States, 312 F.2d 252, 253 (10th Cir. 1962) (per curiam) ("[t]here is no statutory authority under 28 U.S.C.A. § 1915, 28 U.S.C.A. 753, or elsewhere, allowing the expenditure of government funds as an aid to impecunious persons exploring the possibility of post conviction remedies").

In any event, the Court finds that Defendant has not identified any valid need for the transcripts he is seeking. Therefore, Defendant's request to have transcripts provided to him at the Government's expense must be denied.[5]

III.  IFP Application

Defendant presumably filed his IFP application, (Docket No. 59), to show that he is financially eligible for copies of free transcripts under 28 U.S.C. § 753(f). However, the Court has now determined that Defendant is not entitled to free transcripts regardless of his financial circumstances. Therefore, Defendant's pending IFP application will be denied as moot.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

1.  Defendant's "Motion for Clarification on Sentencing Order," (Docket No. 57), is DENIED;

2.  Defendant's "Motion for Free Transcripts," (Docket No. 58 ), is DENIED; and

3.  Defendant's motion for leave to proceed in forma pauperis, (Docket No. 59), is DENIED AS MOOT.

Dated: February 19, 2014

BY THE COURT:

s/Ann D. Montgomery

_____
ANN D. MONTGOMERY
United States District Court Judge

---

[5]  The Court also notes that it is almost certainly too late for Defendant to seek post-conviction relief in this case because of the one-year statute of limitations that applies to motions brought under 28 U.S.C. § 2255.  See 28 U.S.C. § 2255(f).